BENNO PRINZ *et al., as Partners, etc.,* V. F. C. MOSES.

No. 15,014.   (91 Pac. 785.)

SYLLABUS BY THE COURT.

PRACTICE, DISTRICT COURT—*New Trial—Verdict Not Supported by Evidence.* It is error to deny a motion for a new trial when a material fact necessarily involved in the verdict is wholly unsupported by the evidence.

Error from Montgomery district court; THOMAS J. FLANNELLY, judge.   Opinion filed July 5, 1907.   Reversed.

STATEMENT.

B. Prinz & Co. were engaged as partners in the mercantile business at St. Louis, Mo., and one L. H. Levison, who was engaged in the clothing business in Caney, Kan., became indebted to them in a large amount on account of clothing purchased.   The account was settled by a note, which was secured by a chattel mortgage on the stock of goods for $2000.   The debt due Prinz & Co. being unpaid, they took possession of the goods in controversy under their chattel mortgage.   Afterward, in January, 1896, F. C. Moses, as sheriff, took the goods from Prinz & Co. by a writ of attachment issued in a suit instituted by the J. S. Brittain Dry Goods Company against Levison, in which, upon an order of the court, the goods were returned the following July.   At the time the property was attached its value, as shown by an invoice then made, was $3815.03.   When returned it was sold and brought only $2000.

Prinz & Co. then brought this action in the district court of Montgomery county on May 1, 1897, to recover damages sustained on account of the attachment. The jury returned a verdict in favor of the defendant, and found specially that the goods did not depreciate while in custody of the. sheriff; that they were worth only $2500 when taken, and were of that value when

returned. Prinz & Co. filed a motion for a new trial, which was denied, and they bring the case here for review.

S. M. Porter, for plaintiffs in error.

J. B. Ziegler, and S. H. Piper, for defendant in error.

The opinion of the court was delivered by

GRAVES, J.: On the trial in the district court the defendant contended that the plaintiffs were not the owners of the note and mortgage under which the goods had been taken from Levison, they having been assigned to a trustee for the benefit of creditors, and therefore the plaintiffs had no authority to maintain the action. This was the principal and controlling question litigated in the case. To establish this contention the defendant placed in evidence two deeds of trust, each being a conveyance to the same trustee, conferring power upon him to sell the property conveyed and out of the proceeds make payment of certain debts therein specified, when due, if not paid by the grantors. The description of the property conveyed reads:

"All of the stock of merchandise consisting of piece goods, clothing, trimmings, linings, etc.; also all store and office fixtures and furniture, including safe; also all tools and implements, *patterns and machinery* used in the manufacture of clothing now located in the business house known as #425 North Seventh street in the city of St. Louis, Mo., and now occupied by the said B. Prinz & Co. in the conduct of a general wholesale clothing business; also all book-accounts payable to said firm of B. Prinz & Co. as the same appear upon the books of said firm now in said building aforesaid."

The plaintiffs duly objected and excepted to the introduction of these deeds in evidence. They were executed October 10, 1896, almost ten months after the execution of the note and mortgage, and more than nine months after the goods had been taken thereunder. It

is clear that this note and mortgage are not covered by the description of the property given in the deed.

If by the words "also all book-accounts payable to said firm of B. Prinz & Co. as the same appear upon the books of said firm now in said building aforesaid" the parties intended to include this note and mortgage in Caney, Kan., such fact should be clearly shown. We are unable to find any evidence in the record which tends to sustain such conclusion.

The jury could not have returned a general verdict for the defendant without finding that the plaintiffs did not own the note and mortgage under which the goods were taken, and upon this point the verdict is wholly unsupported by the evidence. This was an error for which a new trial should have been granted. The judgment of the district court is reversed, with direction to allow the plaintiffs' motion for a new trial.